**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7362**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ERIC MARIO BYERS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Senior District Judge.  (2:02-cr-00077-RBS-1)

Submitted:  March 31, 2020                          Decided:  April 15, 2020

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Eric Mario Byers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Mario Byers appeals the district court's order granting his motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In 2003, Byers was convicted of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (Count 1), possession with intent to distribute 50 grams or more of crack cocaine (Count 2), possession of marijuana with intent to distribute (Count 3), possession of 5 grams or more of crack cocaine with intent to distribute (Count 4), possession of cocaine with intent to distribute (Count 5), possession of marijuana with intent to distribute (Count 6), and possession of an unregistered machine gun (Count 8). Byers received concurrent sentences of 360 months' imprisonment for Counts 1, 2, and 4, and lesser concurrent sentences for the remaining counts. In 2015, the district court reduced Byers' sentences for Counts 1, 2, and 4 from 360 months' imprisonment to 290 months' imprisonment, pursuant to Amendment 782 of the Sentencing Guidelines, which reduced the applicable Guidelines range for certain crack cocaine offenses. In 2019, Byers moved for a reduction of sentence pursuant to the First Step Act ("FSA"), claiming that Counts 1, 2, and 4 were eligible for reduced sentences. We vacate and remand.

After reviewing the Government's opposition to Byers' motion and the Probation Office's FSA Worksheet, the district court granted the motion as to Count 3 and reduced the sentence from 290 months' imprisonment to 240 months' imprisonment, the revised statutory maximum for that offense. The court concluded that Byers' conviction for Count 1 was not a covered offense because Byers was convicted of conspiring to distribute 50

2

grams of crack cocaine and 5 kilograms of cocaine, and the statutory penalties for cocaine offenses were unchanged.

Section 404(b) of the FSA provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." § 404(b). "Section 404(a) defines a 'covered offense' as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *United States v. Gravatt*, __ F.3d __, __, 2020 WL 1327200, at *2 (4th Cir. Mar. 23, 2020). Section 404(c) contains limitations on the application of § 404(b) and "provides that 'nothing in the section is to be construed to require a court to reduce any sentence.'" *Id.* (quoting § 404(c)).

When the district court considered Byers' FSA motion, it did not have the benefit of our recent decision in *Gravatt*. In *Gravatt*, we held that a defendant convicted of conspiracy to possess with intent to distribute crack cocaine and powder cocaine was convicted of a covered offense under the FSA. *Id.*, 2020 WL 1327200, at *4-5. Thus, Byers was eligible for a reduced sentence on Count 1. Accordingly, we must vacate the district court's order and remand. This "decision . . . only requires that [Byers]' sentence receive a substantive review. It should not be construed as expressing any view on how

the district court should rule."* *Id.* 2020 WL 1327200, at *5. We deny Byers' motion to consolidate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

* The district court recognized that it had the authority to reduce Byers' sentence for Count 2, but chose not to do so as a matter of discretion. We take no position on the court's decision at this juncture. The court may, however, choose to revisit that decision.